**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00271-CV**
_____


**LAWRENCE A. TRAW AND KAREN G. TRAW, Appellants**

**V.**

**WALDEN TOWN HOUSE ASSOCIATION, INC., Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 24-01-00880**
_____

**MEMORANDUM OPINION**

This appeal arises from the trial court's granting of a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. Appellants Lawrence A. Traw and Karen G. Traw sued Walden Town House Association, Inc. ("WTHA") alleging that WTHA sold property and entered into an agreement with a third party without authority to do either of these things. WTHA filed a Rule 91a motion on the basis

1

that the Traws' claims have no basis in law. For the reasons discussed below, we affirm the trial court's orders.

## Background

The Traws are individuals residing in the Walden Town House complex. On November 24, 2021, WTHA executed an Unimproved Property Contract with a third-party developer to sell several lots it owned in Walden. According to WTHA, the governing documents of the association do not prohibit the sale of the property, nor does it require a vote from the members of the community. WTHA also entered into a use agreement with Harbour Village, a neighboring community. The agreement allows Harbour Village to access the road for trash services and other essential services. According to WTHA, the governing documents do not require a vote from the members of the community to enter said agreement according to WTHA.

The Traws sued WTHA alleging it sold the members' property/land without obtaining two-thirds membership approval in violation of Texas Business Organizations Code section 252.005(a). Additionally, the Traws allege WTHA entered into an agreement outside of its authority, committing an ultra vires act in violation of Texas Business Organizations Code section 20.002(c)(1), claiming that a vote was required to execute a fundamental action under Texas Business Organizations Code section 22.164. The Traws further allege violations of section

209.0041(h) of the Texas Property Code, section 111.004 of the Texas Property Code, and section 22.018 of the Estates Code. Moreover, the Traws rely on Texas Government Code section 27.033 for jurisdiction.

WTHA filed a Motion to Dismiss Pursuant to Texas Rule of Civil Procedure 91a. The motion argues the Traws' ultra vires claim has no basis in law as it is not authorized under the relevant statutes, and none of the statutes cited by the Traws apply. The trial court granted WTHA's motion. WTHA then filed a motion for attorney fees pursuant to Rule 91a.7, and the trial court signed an order awarding such fees. This appeal followed.

## Standard of Review

In their sole issue, the Traws argue the trial court erred in granting WTHA's Rule 91a motion to dismiss their claims. Specifically, they argue that their petition presents a factual scenario which entitles them to relief and therefore the Rule 91a dismissal was inappropriate. Rule 91a allows a party to move to dismiss a cause of action that has no basis in law or fact. *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (citing Tex. R. Civ. P. 91a.1). The rule provides in relevant part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

3

Tex. R. Civ. P. 91a.1.

"We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *GoDaddy.com, LLC*, 429 S.W.3d at 754. "[I]n determining whether the trial court erred in denying a defendant's motion to dismiss, we take all the plaintiff's allegations as true and consider whether a plaintiff's petition contains 'enough facts to state a claim to relief that is plausible on its face.'" *See GoDaddy.com, LLC*, 429 S.W.3d at 754. The trial court's ruling must be based solely on the plaintiff's pleadings of its claims. *Johnson v. Walker*, No. 09-22-00255-CV, 2023 Tex. App. LEXIS 1172, at *6 (Tex. App.—Beaumont Feb. 23, 2023, no pet.) (mem. op.). We have previously explained that "dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *GoDaddy.com, LLC*, 429 S.W.3d at 754. To determine whether the dismissal under Rule 91a was proper, we consider whether the pleadings, liberally construed, allege sufficient facts to state a claim against WTHA. *See Sanchez,* 494 S.W.3d at 725.

4

Discussion

*Ultra Vires Claim*

In Texas, the ultra vires doctrine is codified in section 20.002 of the Texas Business Organizations Code, which states that a corporation acts ultra vires by, among other things, engaging in an "act. . . [that] is beyond the scope of the expressed purpose or purposes of the corporation. . . [.]" Tex. Bus. Orgs. Code Ann. § 20.002(c). Section 20.002 places strict limitations on who may assert "that an act or transfer is beyond the scope of the expressed purpose or purposes of the corporation or is inconsistent with an expressed limitation on the authority of an officer or director." Such an assertion may be made:

(1) by a shareholder or member against the corporation to enjoin the performance of an act or the transfer of property by or to the corporation;
(2) by the corporation, acting directly or through a receiver, trustee, or other legal representative, or through members or shareholders in a representative suit, against an officer or director or former officer or director of the corporation for exceeding that person's authority; or
(3) by the attorney general[.]

*Id.* § 20.002(c)(1)-(3).

The Traws do not qualify under any of these three categories. First, rather than seeking to enjoin a prospective action, the Traws challenge completed transactions. Section 20.002(c)(1) permits member suits only to "enjoin the performance of an act" – it provides no mechanism to challenge completed transactions. *Id.* § 20.002(c)(1). Second, the Traws bring this action in their individual capacities rather

5

than derivatively on behalf of the WTHA. Additionally, the Traws' suit is against the association rather than an officer or director of the association. *See id.* § 20.002(c)(2). Third, the Traws do not represent the attorney general's office. *See id.* § 20.002(c)(3). Thus, the Traws' claim under section 20.002 has no basis in law.

*Business Organizations Code Chapter 252 Claims*

Chapter 252 of the Texas Business Organizations Code applies to or governs nonprofit associations. *Id.* § 252.001. "Nonprofit association" means "an unincorporated organization, other than one created by a trust, consisting of three or more members joined by mutual consent for a common, nonprofit purpose." *Id.* § 252.001(2). WTHA's corporate status appears prominently in its name: Walden Town House Association, Inc. The Traws' pleadings reference WTHA's incorporated status. Incorporated, nonprofit entities like WTHA are governed by different statutes with distinct requirements and procedures. *See id.* § 22.001. Therefore, the Traws' alleged claims are not properly asserted under chapter 252 and have no basis in law, regardless of the underlying facts.

*Texas Property Code Section 209.0041*

Texas Property Code section 209.0041 applies to a residential subdivision in which property owners are subject to mandatory membership in a property owners' association. Tex. Prop. Code Ann. § 209.0041(b). Section 209.0041(h) states: "Except as provided by Subsection (h-1) or (h-2), a declaration may be amended

6

only by a vote of 67 percent of the total votes allocated to property owners entitled to vote on the amendment of the declaration, in addition to any governmental approval required by law." *Id.* § 209.0041(h).

According to the Traws' petition, the bylaws grant the board broad authority to "[e]xercise for the Association all powers, duties, and authority vested in or designated to the Association and not reserved to the membership by other provisions of these Bylaws, the Articles of Incorporation, or the Declarations." The Traws identify no bylaw provision requiring member approval for property sales or access agreements. Section 209.0041's requirement of 67% member approval applies only to "declaration" amendments. The Traws' challenged transactions involve neither declarations nor amendments thereto. Therefore, section 209.0041(h) does not apply to the Traws' claims, and they have no basis in law for the claim they alleged under that statutory section.

*Estates Code section 22.018 and Property Code sections 111.004 and 115.011*

The Traws' petition argues they have standing under Estates Code section 22.018 and Property Code section 111.004 to bring their suit against WTHA. Section 22.018 of the Estates Code defines an "interested person" as "an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered" and "anyone interested in the welfare of an incapacitated person, including a minor." Tex. Est. Code Ann. § 22.018(1), (2). Section 111.004

7

of the Property Code addresses trust relationships. Tex. Prop. Code Ann. § 111.004. Section 115.001 of the Property Code addresses who may bring an action against a trustee and all proceedings concerning trusts. *Id.* § 115.011; *see also id.* § 115.001. The Traws' pleading offers no basis for establishing that the challenged transactions relate to an estate or a trust. Similarly, neither statute creates general rights for property owners to challenge decisions of a Property Owners Association. Therefore, the alleged claims under these statutory provisions have no basis in law, and the trial court's dismissal under Rule 91a was appropriate.

*Texas Government Code section 27.033*

The Traws also rely on Texas Government Code section 27.033 for jurisdiction. This provision governs the ability of a justice of the peace to exercise jurisdiction. Tex. Gov't Code Ann. § 27.033. However, the Traws filed their case in district court. Even if the Traws properly invoked the jurisdiction of the district court, the Traws failed to establish any legal basis for their claims. We overrule the Traws' sole issue on appeal.

*Attorney Fees*

Lastly, the Traws challenge the trial court's award of attorney fees to WTHA under Rule 91a.7. They argue such fees are unwarranted because their claims have legal merit and were not brought in bad faith. Rule 91a.7 does not require bad faith; rather, it states that "the court may award the prevailing party on the motion all costs

8

and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." Tex. R. Civ. P. 91a.7. As indicated above, the trial court correctly dismissed the Traws' claims under the rule. Because WTHA was the prevailing party, the trial court acted within its discretion in awarding WTHA its attorney fees.

## Conclusion

Because the causes of actions pleaded by the Traws have no basis in law, the trial court did not err in granting WTHA's motion to dismiss and awarding attorney fees. *See* Tex. R. Civ. P. 91a. We therefore affirm the trial court's orders.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 12, 2026
Opinion Delivered May 28, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

9